Estates of Harry Schwartz, Deceased, and Gussie Schwartz, Deceased, Samuel Schwartz, Administrator v. Commissioner.
Estate of Schwartz v. Commissioner
Docket No. 2096-64.
United States Tax Court
T.C. Memo 1967-196; 1967 Tax Ct. Memo LEXIS 66; 26 T.C.M. (CCH) 957; T.C.M. (RIA) 67196; October 10, 1967
Harry Seiden, for the petitioners. Wallace Musoff, for the respondent. FAY
Memorandum Findings of Fact and Opinion FAY, Judge: Respondent determined a deficiency of $7,028.06 in the income tax of Harry and Gussie Schwartz for the taxable year 1957. Petitioners are the estate of Harry Schwartz, deceased, and *67 the estate of Gussie Schwartz, deceased. There are two issues for decision: (1) Whether petitioners can raise an issue on brief which they did not mention in their petition, and (2) whether money received by Gussie Schwartz, after her husband's death, from two corporations of which he had been an employee is excludable from gross income as a "gift" within the purview of section 102(a). [1]
Findings of Fact Some of the facts have been stipulated, and the stipulation of facts, together with the exhibits attached thereto, is incorporated herein by this reference. Harry Schwartz (hereinafter referred to as Harry) and Gussie Schwartz (hereinafter referred to as Gussie) were husband and wife. Harry died on February 1, 1957. Gussie died on April 7, 1960. Both died in the County of New York, New York. They were survived by at least two sons, Samuel and Abraham Schwartz (hereinafter referred to as Samuel and Abraham, respectively). Samuel is the duly appointed, qualified, and acting administrator of the estates of Harry and Gussie. Harry's estate and Gussie filed a Federal joint income tax return for the taxable *68 year 1957 with the district director of internal revenue, Manhattan District, New York. Samuel, as administrator of both estates, filed the petition in this case. At that time he was a legal resident of Forest Hills, New York. Mechanics Lumber Co., Inc. is a corporation formed under the laws of the State of New York. Harry incorporated it on December 21, 1931. He was an officer and director of the corporation from the time of its incorporation until his death. Samuel and Abraham also were, and still are, directors of the corporation. It is hereinafter referred to as the New York corporation. Mechanics Lumber Corp. of N.J. is a corporation with offices in New Jersey. Harry participated in its incorporation. He was a director and valuable employee of the corporation for many years. Samuel and Abraham also were, and still are, directors of the corporation. It is hereinafter referred to as the New Jersey corporation. During 1957, Gussie received $20,000 from the New York corporation and $3,900 from the New Jersey corporation. She received the money pursuant to resolutions in the minutes of the corporations. The pertinent part of the minutes of the New Jersey corporation is as follows: *69 WHEREAS, the Board of Directors of Mechanics Lumber Corp. of N.J. desire to record their deep sorrow at the death on February 1, 1957 of their esteemed associate Harry Schwartz, who helped to found this company and who for many years served as a valuable employee, be it. RESOLVED, that the Board of Directors of this Company hereby gives formal expression of its grievous loss in the death of Harry Schwartz, and does hereby note in its records the passing from this life of a man who was esteemed by his associates, loved by his friends and respected by all; The growth of the business of this Company was due in a large measure to the efforts of Mr. Harry Schwartz. During the time when this business was in the process of growing, the compensation paid to Mr. Harry Schwartz for the services rendered were entirely inadequate and not commensurate with their true value. The sacrifices made by Mr. Harry Schwartz in accepting compensation far less than the value of his services in a large measure helped the growth of this Company. In view of that, on motion duly made, seconded and carried, it was resolved that the Company pay to Mrs. Gussie Schwartz, the widow of the said Harry Schwartz *70 for a period of two (2) years an amount equal to one hundred ($100.00) dollars per week. FURTHER RESOLVED, that copy of this resolution be tendered to the family of Harry Schwartz as a humble expression of the Board's heartfelt sympathy in its bereavement. The pertinent part of the minutes of the New York corporation is substantially the same except that it authorizes a single payment of $20,000 to Gussie upon her demand. The New York corporation deducted $20,000 for the money it paid to Gussie on its income tax return for its taxable year ending April 30, 1957. It described the deduction as a "Gift to Gussie Schwartz." When an internal revenue agent audited the corporation's return in 1959, he challenged the deductibility of the payment. The corporation's accountants showed him the resolution authorizing the payment to prove that it was extra compensation on behalf of Harry. On the basis of this showing, the agent allowed the deduction. The joint return of Gussie and Harry for 1957 did not report as gross income the $23,900 which Gussie received from the two corporations. In his statutory notice of deficiency, respondent treated the $23,900 as extra compensation paid on *71 behalf of Harry. After allowing a $5,000 exclusion under section 101(b), he increased gross income by $18,900. In his notice of deficiency respondent also increased gross income $283.33 with the following explanation: To include dividends constructively received from Mechanics Lumber Co. Inc. ($333.33 less $50.00 exclusion) Petitioners did not question this adjustment in their petition but did question it on brief. Opinion The first issue is whether petitioners can challenge on brief respondent's constructive dividend adjustment of $283.33 when they did not raise it in their petition. We hold that they cannot. We can only pass on issues properly raised in the pleadings. , affd. . The second issue is whether the money received by Gussie from the New York and New Jersey corporations was includable in gross income under section 61. The narrow question is whether the money was a "gift" within the purview of the exclusion in section 102. Whether a payment is a gift is a question of fact to be determined from the evidence in each case. . *72 The critical consideration is the intention of the transferor. . From the evidence in the case at bar, we conclude that the money received by Gussie was not a gift. She received the money pursuant to corporate resolutions. The resolutions clearly characterize the payments as extra compensation for Harry's past services. It is thus clear that it was not the transferor's intent to make a "gift" as that term is used in section 102(a). The main thrust of petitioners' case is an attempt to discredit the corporate resolutions. Petitioner's only witness testified that the resolutions were not an accurate statement of the transferor's intent - that the corporations paid the money for other reasons. This testimony came in over respondent's objection. We cannot accept the testimony. It is inconsistent with the stipulation of facts entered into by the parties. The stipulation states that Gussie received the money "pursuant to" the resolutions. Petitioners' evidence attempts to establish that Gussie received the money for reasons other than those expressed in the resolutions. Furthermore, *73 the testimony of petitioners' only witness contains several inconsistencies and improbabilities. As a whole it is selfserving and unconvincing. Petitioners raise numerous secondary arguments. One is that Harry, when he died, had no legal right to the money the corporation corporations paid to Gussie. Petitioners conclude from this that the payments were gifts. We do not agree. The absence of a legal obligation upon the corporations to pay the money does not establish that the payments were gifts. ; . Another argument is that Gussie's and Harry's tax return, which is in evidence, does not show that the New York and New Jersey corporations withheld income tax on the payments to Gussie. Petitioners argue that this proves that there was no withholding on the payments. They conclude from this that the payments must have been a gift. We do not agree. On the record in this case, we are unable to find as a fact that the corporations did not withhold on the amounts received by Gussie. Harry's and Gussie's return shows an amount as "tax withheld" but does not indicate who *74 withheld the amount or upon what it was withheld. Even if we could find that the corporations did not withhold, however, this would only be one factor to consider. On the record as a whole, this factor would not cause us to decide the central question differently. Petitioners also argue that the fact that the New York corporation described its payment to Gussie as a "gift" on its income tax return is determinative of its intent. They conclude that at least $20,000 of the amount received by Gussie was a gift. We do not agree. The corporation's treatment of this item on its return was quickly repudiated when the item was challenged in an audit by an internal revenue agent. We conclude from this that the label in the return is of little value in determining the corporation's intent in making its payment to Gussie. Another argument of petitioners is that if the payments by the corporations were compensation for Harry's past services, they should have been paid to Harry's estate. Because they were paid to Gussie, petitioners conclude, they cannot be compensation. We do not agree. Compensation paid on behalf of a deceased employee may or may not be payable to the estate of the employee. *75 The determinative factor is whether or not the employee had a legal right to the compensation. If not, it would not have to be paid to the employee's estate. Compare, as to the facts and the result, , affd. (C.A. 3, 1962), certiorari denied . Another argument of petitioners is that the expressions of sorrow in the corporate resolutions preclude a finding that the payments were extra compensation on behalf of Harry. We do not agree. At most the expressions of sorrow are a factor to be considered in deciding the intention of the transferor corporations. Reading the resolutions as a whole, we do not feel that the expressions of sorrow mitigate the language which characterizes the payments as compensation. It is not inconsistent to express sorrow and at the same time to pay extra compensation. We therefore hold that the money received by Gussie from the New York and New Jersey corporations is not a gift within section 102(a). We accordingly hold that the money is includable in the gross income of Harry and Gussie under section 61(a) for the taxable year 1957. Decision will *76 be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954.↩